BREEDLOVE et al. v. TULSA COUNTY COURT.

No. 26291. Nov. 12, 1935.

Rehearing Denied Jan. 7, 1936.

Second Petition for Rehearing Denied May 19, 1936.

T. B. Westmoreland and Phil W. Davis, for petitioners.

Hugh Ownby and C. A. Warren, for respondent.

OSBORN, V. C. J. This is an original action in this court wherein W. O. Breedlove, W. H. Breedlove, and D. W. Breedlove, as petitioners, seek to obtain a writ of prohibition to prohibit the county court of Tulsa county, as respondent, from proceeding with the probate of the estate of Cassie Owen, deceased, on the ground that said court is without jurisdiction.

Cassie Owen, the deceased, died while in Sequoyah county, Okla., on January 29, 1935. On January 31, 1935, Mary Owen, who alleges that she is the adopted daughter of the deceased, filed in the county court of Tulsa county a petition to probate the will of Cassie Owen, in which will Mary Owen is made sole heir. On the same date, said court issued an order setting the petition for hearing on February 21, 1935.

On February 5, 1935, the petitioner, W. O. Breedlove, brother of the deceased, filed in the county court of Sequoyah county a petition to be appointed administrator of the estate of the deceased, alleging that deceased was a resident of Sequoyah county at the time of her death and that the petitioners, W. O. Breedlove, W. H. Breedlove, and D. W. Breedlove, were her sole heirs. On February 12, 1935, the county court of Sequoyah county, without notice to Mary Owen, entered an order appointing W. O. Breedlove as administrator of said estate, and thereafter the said W. O. Breedlove qualified as such administrator by taking the oath and filing his bond.

The hearing on the petition for the probate of the will in the county court of Tulsa county was continued to the 27th day of February, 1935, at which time Mary Owen and the petitioners appeared in said court. Objections to the jurisdiction of said court were presented by petitioners, at which time the proceedings theretofore had in the coun-

ty court of Sequoyah county were called to the attention of the county court of Tulsa county. The objections were overruled and testimony was taken on the issue of facts as to the residence of deceased at the time of her death. At the conclusion of the hearing the county court entered an order in which it was found that deceased at the time of her death was a resident of Tulsa county and that jurisdiction was vested in the county court of Tulsa county.

On March 25, 1935, an appeal from said decision was filed in the district court of Tulsa county, and is now pending before said district court.

It is observed that the jurisdiction of the county court of Tulsa county was first invoked by the filing of the petition for probate of the will, but prior to the exercise of jurisdiction by said court a petition was filed in the county court of Sequoyah county and the jurisdiction of that court was exercised by the appointment of W. O. Breedlove, as administrator of the estate.

Under this state of facts petitioners contend that the rule announced in the case of Sewell v. Christison, 114 Okla. 177, 245 P. 632, followed by Powers v. Brown, 122 Okla. 140. 252 P. 27, and Jackson v. Haney, 166 Okla. 13, 25 P. (2d) 771, deprived the county court of Tulsa county of all jurisdiction to proceed in said cause and to make a determination of the county of the residence of the deceased at the time of her death, and that therefore the county court of Tulsa county should be prohibited from proceeding further in said cause.

But, under the peculiar facts in this case, as distinguished from the general rule laid down in the above-cited cases, we think said contention is without merit. The administrator appointed by the county court of Sequoyah county went into the county court of Tulsa county and filed a plea to the jurisdiction of the court predicated upon the rule announced in the above-cited cases; but upon indication by the court that the court would overrule said plea to the jurisdiction, said administrator voluntarily entered into a hearing before the county court of Tulsa county as to the residence of decedent at the time of her death, and in said hearing insisted upon assuming the burden of proof as to the residence of said decedent. He placed several witnesses on the stand voluntarily to show that said decedent was a resident of Sequoyah county; the petitioner for letters testamentary in the county court

of Tulsa county introduced several witnesses tending to show that the decedent died a resident of Tulsa county, and thereupon the administrator introduced rebuttal evidence. The administrator did not attempt to stand on his legal rights and his assertion that the county court of Sequoyah county alone had jurisdiction to determine the question of fact as to the residence of said decedent at the time of her death, but he voluntarily introduced all of his evidence on said issue before the county court of Tulsa county and permitted said court to make a finding, contrary to his contentions, that the decedent died a resident of Tulsa county, and that therefore the county court of Tulsa county had jurisdiction of the administration of said estate, from which finding and order the administrator appealed to the district court. Thereupon the administrator in this proceeding invoked the supervisory control of this court to prohibit the county court of Tulsa county from exercising any further jurisdiction, alleging that the ordinary remedy of appeal was inadequate and that there was an intolerable conflict of jurisdiction between the two courts, and at the time of the presentation of the application herein for a writ of prohibition said administrator filed herein a transcript of the evidence introduced before the county court of Tulsa county. It appears that said administrator had an opportunity to introduce all of the evidence he desired to introduce except certain documentary evidence certified copies of which he has presented on this application to this court and which we have duly considered.

Ordinarily this court will not determine questions of fact on which the jurisdiction of courts of co-ordinate jurisdiction depend, and ordinarily this court will deny a writ of prohibition on the simple principle that where an appeal is permissible and effective to effectuate the proper determination of the rights of the parties, the parties will be relegated to that remedy.

It is obvious that both of the above-mentioned courts do not have jurisdiction to administer upon the estate of said deceased, but only the court of the county of the residence of decedent at the time of her death has such jurisdiction. The administrator having invoked the supervisory control of this court and having alleged a conflict of jurisdiction and having furnished this court the evidence introduced in the county court of Tulsa county, and not contending that there is any other or additional evidence

which he desires to introduce on said issue, we can see no good reason why this court should not in this proceeding settle and determine the controversy between the parties hereto and end such conflict of jurisdiction in order that unnecessary delay might not further continue in the proper administration of the estate of said deceased, and that the estate may be properly preserved.

We have carefully examined the evidence presented by said administrator. The evidence shows that decedent for many years had been a resident of Tulsa county; her husband, Owen Owen, had been district judge of Tulsa county for many years; decedent had been an invalid for many years prior to her death and Judge Owen for some time prior to his death was likewise an invalid. Prior to Judge Owen's death, in order to give more proper care to his invalid wife, he permitted his wife to be removed to Sequoyah county to the home of her mother; at the time of Judge Owen's death and at the time of the death of decedent herein the family homestead in Tulsa county was still owned by the parties, although mortgage proceedings were pending against the same, and decedent herein was by reason of her illness unable to maintain said home and carry on her household duties. Intimate friends of the family testified as to the impaired physical and mental condition of said deceased for several years prior to her death. A careful review of the record in this case convinces this court that the decedent died a resident of Tulsa county, and it follows that the county court of Tulsa county alone has jurisdiction to administer upon her estate, and that the county court of Sequoyah county does not have such jurisdiction.

No application has been made herein for a writ of prohibition against the county court of Sequoyah county, but doubtless said court, in view of this determination, will take appropriate action to relieve itself of further jurisdiction in said proceeding.

The writ of prohibition against the county court of Tulsa county is therefore denied.

McNEILL, C. J., and BUSBY, PHELPS, and GIBSON, JJ., concur. RILEY, J., dissents. BAYLESS, WELCH, and CORN, JJ., absent.