LOWERY et al. v. PARTON et al.

No. 6991—Opinion Filed Jan. 30, 1917.

Rehearing Denied May 29, 1917.

(165 Pac. 164.)

1. **Guardian and Ward—Appointment — Jurisdiction of Probate Court—Collateral Attack—Statute.**

Rev. Laws 1910, § 6190, provides with reference to the jurisdiction of probate courts: "The proceedings of this court are construed in the same manner, and with like intendments, as the proceedings of courts of general jurisdiction, and to its records, * * * there are accorded like force, effect and legal presumption as to the records, * * * of district courts." An order appointing a guardian, which recites that application has been made to the county court for the appointment of a guardian, is sufficient evidence, within itself, that the proper petition had been filed in said court invoking the jurisdiction of the court, and is valid as against a collateral attack.

2. **Same—Recital of Minority—Collateral Attack.**

Where an order of the probate court in appointing a guardian recites in the order of pointment that the party for whom the application for appointment of guardian was made was a minor 20 years of age, same is conclusive on collateral attack.

3. **Judgment—Collateral Attack—Orders of Probate Court.**

Orders issued by a probate court, though irregular and not in the ordinary form, are valid as against a collateral attack, where the language is sufficient to clearly indicate the purpose and denote the character of such orders.

(Syllabus by Jones, C.)

Error from District Court, Carter County; A. Eddleman, Judge.

Suit by George A. Parton and others against Choctaw Lowery and others. Judgment for plaintiffs, and defendants bring error. Affirmed.

I. R. Mason, for plaintiffs in error.

Thos. Norman, for defendants in error.

Opinion by JONES, C. On February 20, 1914, in the district court of Carter county, Okla., defendants in error, plaintiffs in the original suit, filed their petition against the plaintiffs in error, in which they allege that they are the owners of a certain oil and gas lease upon the lands belonging to the defendant Choctaw Lowery, such lease having been executed and delivered to one W. C. Daniels, guardian of said Choctaw Lowery; that said lease has been approved by the judge of the county and probate court, and

they became the owners of such lease by reason of an assignment by J. H. Mathers, made February 13, 1914; that on the 14th day of February, 1914, Choctaw Lowery executed an oil and gas lease upon said lands to one E. M. Kinkade, and that said lease had been placed of record; that the said Choctaw Lowery is not yet 21 years of age; that the lands are valuable for oil and gas, and that the Kinkade lease is a cloud upon upon their title and interests; and they pray for a cancellation of said lease and for an injunction against the defendants, plaintiffs in error, herein. Pursuant thereto the district court of Carter county issued its order of injunction, and on March 16, 1914, plaintiffs in error filed their motion to dismiss the injunction, which was overruled April 9, 1914. Upon April 13, 1914, plaintiffs in error filed their answer to the petition, in which they deny each and every material allegation, they deny that Daniels was ever the legal guardian of Choctaw Lowery, and pray for a cancellation of the lease held by defendants in error, plaintiffs below. On May 27, 1914, the case proceeded to trial, and at the conclusion thereof the jury, under the direction of the court, rendered a verdict in favor of the plaintiffs, and from judgment of the court the defendants, plaintiffs in error, prayed an appeal to the Supreme Court of the state of Oklahoma.

Plaintiffs in error in their petition in error call attention to ten different assignments of error; but we take it, from the facts as disclosed by the record and the argument made in the brief of plaintiffs in error, that the only material question in this case is whether or not the proceedings in the county court, wherein W. C. Daniels, the guardian of Choctaw Lowery, was appointed, are valid on account of irregularities occurring in such proceedings, and while there may be some irregularity in the probate proceedings, the present attack of plaintiffs in error is directed against the order appointing a guardian in said cause, which is as follows, to wit:

"State of Oklahoma, Carter County—ss: The State of Oklahoma, to All Whom It may Concern, and Especially to W. C. Daniels— Greeting: Know ye, that whereas, application has been made to the county court of said county for the appointment of a guardian to Choctaw Lowery, aged 20 years, minor, and it appearing to the court that it is necessary to appoint a guardian to said Choctaw Lowery, and the said W. C. Daniels having been approved for said trust by the court, and having given bond as required by law, which has been approved, filed, and recorded in said court: Now, therefore, trusting in your care and fidelity, we have appointed and do by these presents appoint

you, the said W. C. Daniels, as such guardian, hereby authorizing and empowering you to take and to have the custody of said minor and the care of his education, until he arrive at the age of 21 years, or until you shall be discharged according to law, and requiring you to make a true inventory of all the estate, real and personal, of the said ward that shall come to your possession or knowledge, and to return the same into the county court within three months from the date of these letters, or at any other time the court shall direct, to dispose of and manage all such estate according to law, and for the best interest of the ward, and faithfully to discharge your trust in relation thereto, and also when required in relation to the care, custody, and education of the ward to render an account on oath of the property, real and personal, of said ward in your hands, and all proceeds and interests derived therefrom, and of the management and disposition of the same within one year after your appointment, and annually thereafter, and at such other times as the court shall direct, and at the expiration of your trust to settle your account with the county court, or with the ward if he shall be of full age, or his legal representatives, and to pay over and deliver all the property, real and personal, remaining in your hands or due from you on such settlement to the person lawfully entitled thereto.

"In testimony whereof, we have caused the seal of said county court to be hereunto affixed. Witness, W. F. Freeman, judge of said court, at Ardmore, in said county, this 15th day of March, A. D. 1913.

["Signed]  W. F. Freeman,

"County Judge. [Seal.]"

It will be seen from the foregoing that the first part of the order makes the appointment of the guardian. It recites:

"Know ye that whereas, application has been made to the county court for the appointment of a guardian to Choctaw Lowery, aged 20 years, minor, and it appearing to the court that it is necessary to appoint a guardian to said Choctaw Lowery, and the said W. C. Daniels having been approved for said trust by the court, and having given bond as required by law, which has been approved, filed, and recorded in said court: Now, therefore, trusting in your care and fidelity, We have appointed and do by these presents appoint you, the said W. C. Daniels, as such guardian," etc.

Giving to this full force and credit, and construing it sensibly and legally, it makes the appointment of the guardian, and while it may be to some extent defective in form, we think it is sufficient in substance, and the order having recited the fact that Choctaw Lowery was a minor, that the necessity existed for the appointment of a guardian, and that W. C. Daniels possessed the qualifications necessary for a guardian, and that an application had been filed asking for such appointment, we think renders the order good as against collateral attack.

The validity of the lease in question, executed by W. C. Daniels, as guardian of Choctaw Lowery, and now held by the defendants in error, being based upon the validity of the appointment of the guardian, we deem that it is unnecessary to discuss the validity or the invalidity of the lease; having held that the appointment of the guardian was valid, necessarily the lease, which seems to have been regular in form and duly approved by the county court, would likewise be valid.

We therefore find no error committed by the trial court in rendering judgment in favor of the plaintiffs, defendants in error. This being an equity case, the verdict of the jury would have only been advisory, and the court would not have been bound by the jury's verdict, and no error was committed in directing the verdict.

The case is therefore affirmed.

By the Court: It is so ordered.