### PARMENTER, Guardian, v. ROWE, County Judge, et al.

No. 11226—Opinion Filed March 29, 1921.

Rehearing Denied Sept. 13, 1921.

Application for Writ of Consultation Denied Sept. 26, 1922.

(Syllabus.)

#### 1. Prohibition—When Writ Lies.

Prohibition is the proper remedy where an inferior court assumes to exercise judicial power not granted by law, or is attempting to make an excessive and unauthorized application of judicial force in a cause otherwise properly cognizable by it.

#### 2. Guardian and Ward — Jurisdiction—County Court.

The county court of the county in which application is first regularly made for letters of guardianship shall have jurisdiction co-extensive with the state in the settlement of the estate of the incompetent, and for the determination of any and all questions incident thereto, subject to the appellate jurisdiction of the district court.

#### 3. Same—Appointment of Guardian—Collateral Attack—Conflicting Jurisdictions—Prohibition.

Where a county court of this state appoints a guardian over the person and estate of an incompetent person and such proceedings are regular upon their face, the same are not subject to be attacked collaterally, and the court having assumed jurisdiction and made the appointment, such jurisdiction is co-extensive with the state and excludes the jurisdiction of the county court of every other county, and such taking of jurisdiction and making such appointment was the finding of every jurisdictional fact necessary to such appointment, and every other county court in the state is without jurisdiction to appoint a guardian for such incompetent, and where another county court assumes jurisdiction and does appoint another guardian, it assumes a jurisdiction expressly excluded by law, and in so doing, makes an unwarrantable application of judicial force, and where it is made to appear that such action of the latter court will lead to an intolerable conflict of jurisdiction between it and the county court first assuming jurisdiction, this court will let the writ of prohibition issue against the latter court.

Original proceeding for writ of prohibition by R. W. Parmenter, as guardian of Martha Jackson, an incompetent, against Ural Rowe, County Judge of Okfuskee County, and another. Writ granted.

Cutlip & Horsley, for relator.

A. M. Fowler, for respondents.

JOHNSON, J. This is an original proceeding commenced in this court on the 25th day of February, 1920, by R. W. Parmenter, as the guardian of Martha Jackson, an incompetent, for the purpose of procuring a writ of prohibition to be issued out of this court and directed to the county court of Okfuskee county, and the judge thereof, and W. E. McKinney, who was upon the order of said court appointed guardian of the estate of Martha Jackson, an incompetent, commanding them and each of them to desist and refrain from further proceeding in the matters of said guardianship.

The application of the relator shows, in substance, that Martha Jackson is a full-blood Creek Indian, and that prior to statehood she resided in the Indian Territory, and that her nearest court town was Wewoka, and that her father, Saber Jackson, presented a petition in the proper court at Wewoka for the appointment and was by the court appointed guardian of both her person and estate; that upon the erection of the state of Oklahoma out of the Oklahoma and

Indian Territories, under proper orders of the court and provisions of the law governing such matters, such guardianship was duly transferred to Okemah, in Okfuskee county, Oklahoma; that after statehood, and probably in the year 1909 or 1910, proper petition for removal was filed by said guardian in the county court at Okemah, Okla., praying that said cause be removed to Seminole county, Oklahoma, for the reason that said Martha Jackson and Saber Jackson were both residents of said county, and said cause was duly and legally removed from Okfuskee county to Seminole county, and said minor's guardianship has ever since such removal been pending in the county court of Seminole county; that after the removal of said cause to Seminole county, and after said minor had reached the age of 14 years, Saber Jackson was removed as such guardian by the county court of Seminole county, and the relator, upon a written nomination of such minor, was by said county court duly appointed the guardian of both the person and estate of the said Martha Jackson, gave bond and qualified as by law provided, and remained such guardian of said minor up to the time of reaching her majority, and his appointment by said county court as guardian of Martha Jackson, as an incompetent, and at said time he was a resident of Seminole county, and is at the present time, and has had charge of both the person and estate of said minor during all of said times; and that the said minor was also a resident in good faith of Seminole county at the time he was appointed guardian of her estate, and that the county court of said county was the proper court of this state having jurisdiction of both the person and estate of said Martha Jackson and that according to the rolls prepared by the Dawes Commission to the Five Civilized Tribes said Martha Jackson reached the age of 18 years on the 10th day of May, 1919, and that sometime prior to the said 10th day of May, 1919, to wit, on the 23rd day of April, 1919, there was filed in the county court of Seminole county a petition by H. A. Archard, field clerk, representing the Secretary of the Interior of the United States, stating in substance that said minor was about to come of age, that she had a large estate, that she was an incompetent person, and that she should be so adjudged, and a guardian appointed for her person and estate in order to protect her property and estate from artful and designing persons who would when she became of age, cheat and swindle her of her said estate; and that, thereafter, on the 23rd day of

April, 1919, the county court of Seminole county entered its order directing that notice be given to the duly appointed guardian of said minor, R. W. Parmenter, in person upon said minor, and upon the father, Saber Jackson, more than five days before the date of the hearing, and set the hearing of said petition for the 5th day of May, 1919, at the hour of 10 o'clock a. m. on said date. And that thereafter, on the 24th day of April, 1919, said notice was served upon the relator as guardian, and on the 28th day of April, 1919, said notice was duly served upon Saber Jackson, the father of said minor, by Frank Grall, as sheriff of Seminole county, and said notice was duly served upon Martha Jackson in person by the sheriff of Sequoyah county, Okla., in which county she was attending school at the Dwight Indian Training School under the authority and direction of her guardian, R. W. Parmenter, and the county court of Seminole county, and that on the 5th day of May, 1919, the day set for the hearing of said petition, the county court of Seminole county entered its order continuing said hearing until the 9th day of May, 1919; that thereafter, on the 6th day of May, 1919, it being made to appear to the county court of Seminole county that certain parties had gone to the school where the said R. W. Parmenter, guardian, had placed the said Martha Jackson for education and instruction, and stolen said minor away without the knowledge or consent of either the said guardian or the county court of Seminole county, thereupon said county court entered its order directing said guardian or sheriff of Seminole county to make search for the said minor and to bring her into court if she were found, and suffer no interference under penalty of the law; that thereafter, on the 9th day of May, 1919, at the hour of 10 o'clock a. m., the said date, said petition to have the said Martha Jackson adjudged an incompetent came regularly on for hearing at which hearing the said Saber Jackson filed his protest, and upon the hearing of said petition and protest said county court adjudged the said Martha Jackson to be an incompetent person and incapable of taking care of herself and estate, and that the relator was the proper and suitable person to be appointed guardian of said incompetent, and overruled the protest of the said Saber Jackson, who excepted to the order of said court and prayed an appeal to the district court. That the relator duly qualified as guardian of the person and estate of said Martha Jackson, an incompetent, by taking the oath and giving bond as

required by law, and that on the 12th day of May, 1919, Saber Jackson gave notice of his appeal to the district court upon both questions of law and fact and filed his appeal bond in the sum of $200.

The findings of the county court and order appointing the relator guardian of the person and estate of Martha Jackson, an incompetent, were as follows:

"And now on this the 9th day of May, 1919, the same being one of the regular judicial days of the April, 1919, term of this court, and the same being the day set down by proper order and order of continuance by this court for the hearing of the petition filed herein by Mr. H. A. Archard, to declare the above-named Martha Jackson an incompetent for the reason that she is a person incapable of attending to her said property and estate, and said cause coming on regularly for hearing and petitioner appearing by his attorney, C. Guy Cutlip, and the United States probate attorney, Tom Fancher, and Saber Jackson appearing to contest the same by W. W. Pryor, his attorney, and the court, after hearing the evidence, argument of counsel, and being fully advised in the premises, finds: That Martha Jackson is a minor and that from the records on file in the Union Agency at Muskogee, Okla., she will be of age on the 10th day of May, 1919. The court further finds from the testimony that said Martha Jackson is incompetent and incapable of attending to the affairs of her estate, and under the law should be adjudged an incompetent, and a guardian appointed for her person and estate. The court further finds that the guardianship of Martha Jackson, minor, has been pending in this court for six or eight years, and that R. W. Parmenter, a resident of Wewoka, Oklahoma, and Seminole county, is her duly appointed guardian of both person and estate. The court further finds that the said Martha Jackson has been in school at the Dwight Indian Training School at Marble City, Oklahoma, and that service of notice of this hearing has been served upon her in person by the sheriff of Sequoyah county, Oklahoma, more than five days next before this hearing. That notice of this hearing has been served upon R. W. Parmenter and Saber Jackson, in person, more than five days next before this hearing. This court finds that this court has had jurisdiction of the person and estate of Martha Jackson for a number of years and is the proper court now having jurisdiction of her person and estate, and has jurisdiction and authority to adjudge her an incompetent and appoint a capable guardian for her person and estate. The court further finds that unknown persons have taken said Martha Jackson from the school in which she had been placed by her guardian, without the consent of said guardian or this court, and now keeps her from being produced into this court, and that on account of such illegal action, Martha Jackson is unable to be present at this hearing. The court further finds that said Martha Jackson has been in this court many times, is personally known to the judge of this court, and has been before this judge and this court, and that there is no necessity for her being present at this time, because of the court's full knowledge of the mental capacity of said Martha Jackson. The court further finds that it is for the best interest of the said Martha Jackson and her said estate that she be adjudged an incompetent and a guardian appointed for her person and estate, and that unless such action is taken by this court at this time there is great probability that artful and designing persons will take advantage of said minor upon her arriving at age and swindle her of her property and estate. It is therefore by the court ordered, adjudged, and decreed that Martha Jackson be, and she is hereby determined and adjudged to be an incompetent person, and incapable of attending and caring for her estate and property because of lack of education and common knowledge of business affairs and matters generally. It is further ordered by the court that R. W. Parmenter be, and he is hereby, appointed the guardian over such person and estate of the said Martha Jackson, and that letters of guardianship issue to the said R. W. Parmenter upon his taking and subscribing the oath required by law, and executing a bond to the said Martha Jackson, incompetent, in the penal sum of $15,000.00, with sureties to be approved by the judge of this court. To such finding of fact and conclusion of law and judgment of court, Saber Jackson excepts and gives notice of appeal to the district court, appeal granted, bond fixed at $200.00. All of which is by the court ordered in open court this 9th day of May, 1919.

"C. L. Hill, County Judge."

The application of the relator further shows that thereafter, on the 19th day of May, 1919, the then county judge of Okfuskee county, the Hon. W. A. Huser, entered an order in the county court of said county appointing one W. E. McKinney as the guardian of the person and estate of Martha Jackson, an incompetent; said appointment recites that the same was made upon the petition of Saber Jackson, the father of said incompetent, both of whom were present in person when said appointment was made.

The application of the relator further discloses that on the same date, to wit, May 19, 1919, the said W. E. McKinney, on behalf of the said ward, made and entered into the following contract, to wit:

"This agreement, made and entered into this the 19th day of May, 1919, by and between W. E. McKinney of Okemah, Oklahoma, guardian of Martha Jackson, incompetent, party of the first part, and Geo. M. Swift, attorney at law, of Okmulgee, Oklahoma, party of the second part:

"Witnesseth: That the said W. E. McKinney, guardian of Martha Jackson, party of the first part, hereby employs Geo. M. Swift, as his attorney at law, to take all necessary and proper steps, and to bring suit or suits as may be necessary to avoid and cause to be canceled and held for naught a certain guardian's deed and assignment of royalties, made and entered into on the 9th day of July, 1917, by and between R. W. Parmenter, as guardian of Martha Jackson, a minor, and Thomas Kelly, purporting to convey all the right, title, and interest of the said Martha Jackson, in and to the following described land, situated in Creek county, Oklahoma, and all royalties due to said Martha Jackson, from said land: the northwest quarter of section nine (9), township eighteen (18) north, range seven (7) east, and any and all other deeds, assignments, contracts of settlement and instruments of any character which may have been made by said R. W. Parmenter, guardian of Martha Jackson, affecting her title to said above described land and the royalties arising and due her from said land, said deed and assignment of royalties from said Parmenter to said Kelly being recorded in the office of the register of deeds for Creek county, Oklahoma, in Book 154, at page 238; and to recover any and all other property belonging to said Martha Jackson.

"Now therefore, in consideration of the services to be performed by the said Geo. M. Swift, the said W. E. McKinney, guardian, of Martha Jackson, incompetent, hereby agrees that said Geo. M. Swift shall have and receive one-half of all property or money which may be recovered by him in any suit or suits filed by him, whether received upon any settlement or compromise or upon judgment. In consideration of the fee hereby agreed to be paid, the said Swift hereby undertakes and agrees to diligently and carefully prosecute, or cause to be prosecuted, such suit or suits as may be necessary for the recovery of the above-described property and royalties, and if said suit or suits are defeated, to claim no further compensation, but in the event said second party shall recover, or cause to be recovered, either upon settlement and compromise or upon judgment, any part of said property or royalties, he shall be entitled to and shall receive one-half of such property or royalties, he shall be entitled to and shall receive one-half of such recovery as full compensation; and the party of the first part hereby appoints and designates the said second party, his true, sole and lawful attorney in said matter with full power to settle, compromise, and receipt for all money or property, and hereby assigns, conveys and sets over to said second party an undivided one-half interest in all said sums of money or property recovered by him, and that the services so rendered shall be a first lien upon the subject of said controversy, in favor of second party and associate counsel, and is to be binding upon the heirs,

executors, administrators and assigns of the parties of this contract.

"Witness our hands the day and year first above written.

W. E. McKinney, Guardian of Martha Jackson, Incompetent, Party of the First Part.

"Geo. M. Swift, Party of the Second Part.'·

The record further discloses that on the 21st day of June, 1920, the appeal of Saber Jackson to the district court of Seminole county from the order of the county court of said county appointing R. W. Parmenter guardian of the estate of Martha Jackson, an incompetent, was by the said district court dismissed, and that said judgment of dismissal has become final, as the records of this court, of which we take judicial notice, discloses that no appeal from the judgment of dismissal in the district court of Seminole county of said cause has been lodged in this court, and that more than nine months have elapsed. This amounts to an affirmance of the judgment of the county court of Seminole county appointing Parmenter. Rev. Laws 1910, sec 6517.

The respondents have filed a response herein in which they admit all of the court proceedings that led up to the appointment of R. W. Parmenter, but allege that such appointment was invalid, and that subsequent thereto the county court of Okfuskee county appointed W. E. McKinney guardian of Martha Jackson, which admission we think is all that is material for our consideration in determining whether or not the writ prayed for will lie, and as to whether or not the same should issue herein. Rev. Laws 1910, secs. 6195, 6196, 6197, and 6198. The foregoing provisions apply in guardianship proceedings. Section 6585, Id.

When the county court of Seminole county took jurisdiction, the same was co-extensive with the state and excluded the jurisdiction of the county court of every other county. Sections of the statute, supra; Hathaway et al. v. Hoffman et al., 53 Okla. 72, 153 Pac. 184; Welch v. Focht et al., 71 Oklahoma, 171 Pac. 730; State of Oklahoma ex rel. Cynthia Monahawee et al. v. Tom Hazelwood, County Judge of Okfuskee County, et al., decided March 22, 1921, 81 Okla. 69, 196 Pac. 937.

The other matters and things alleged in their response that go to the validity of the judgment of the county court of Seminole county appointing Parmenter constitute, in effect, a collateral attack on such judgment, and such attack is not permissible. Hathaway v. Hoffman, supra; Scott v. Abraham, 60 Okla. 10, 159 Pac. 270; Baker v. Cure-

ton, 49 Okla. 15, 150 Pac. 1090; Tucker v. Leonard, 76 Okla. 17, 183 Pac. 907; Carolina v. Montgomery, 74 Oklahoma, 177 Pac. 612; Johnson v. Johnson, 60 Okla. 206, 159 Pac. 1121; Rice v. Theimer, 45 Okla. 618, 146 Pac. 702; Lowery v. Parton, 65 Okla. 232, 165 Pac. 164; S. W. Surety Ins. Co. v. Taylor, 70 Oklahoma, 173 Pac. 831.

They also allege in their response matters that go to the merits involved in divers and sundry controversies that have arisen between adverse claimants of the property of the incompetent or some interest therein by reason of certain contracts entered into with the incompetent or some one claiming to represent her or by heirship or otherwise. These are questions that cannot be considered by this court in this proceeding, and upon all of which we express no opinion as to the merits thereof. Hathaway et al. v. Hoffman et al., 53 Okla. 72, 153 Pac. 184, wherein this court announced the rule that is aplicable in the instant case in the following language:

"Where, in an action of ejectment joined with one to clear title, plaintiffs, in order to prove title in themselves, assail the validity of the record of the county court appointing for them a guardian, who, as such, pursuant to an order of the court, had subsequently sold and conveyed the land in controversy to defendant's grantee, held, that such was a collateral attack, and that the record, being one of a court of general jurisdiction as to probate matters, could not be impeached by evidence aliunde."

That this court has jurisdiction in a proper cause to grant writs of prohibition against inferior courts in this state is not an open question; but that the court has the power so to do and has frequently exercised it has often been decided by this court and is well sustained by other authorities. Article 7, sec. 2, Constitution of Oklahoma; Haskell, Gov., v. Huston, Judge, 21 Okla. 782, 97 Pac. 982; Hirsch et al. v. Twyford et al., 40 Okla. 220, 139 Pac. 313; Burnett v. Jackson, Judge, 27 Okla. 275, 111 Pac. 194; 22 R. C. L. pp. 5-8, 27-28; Bullard v. Thorpe (Vt.) 44 Am. St. Rep. 867, 25 L. R. A. 605; State ex rel. Sullivan v. Reynolds, 209 Mo. 161, 123 Am. St. Rep. 468, 14 Ann. Cas. 198; Ex parte Phenix Ins. Co., 118 U. S. 610, 30 L. Ed. 274; Ex parte State (Ala.) 124 Am. St. Rep. 79; Buckley v. Sup. Ct. of San Francisco (Cal.) 36 Pac. 360, 41 Am. St. Rep. 135; Arnold v. Shields (Ky.) 30 Am. Dec. 669; Bice v. Boothsville Tel. Co. (W. Va.) 125 Am. St. Rep. 986; In re Morrison, 147 U. S. 14, 37 L. Ed. 60; Re Jno. Williams (Ala.) 10 L. R. A. (N. S.) 1129, 111 Am. St. Rep. 944.

It clearly appearing that the county court of Seminole county had appointed R. W. Parmenter guardian for the incompetent, who had regularly qualified as such, prior to the assumption of jurisdiction by the county court of Okfusgee county to make such appointment, the county court of Okfuskee county therefore is without jurisidiction of the proceeding pending therein, and if such court is permitted to proceed, it will assume a jurisdiction expressly excluded by law and will attempt to make an unwarrantable application of judicial force. and because of the exercise of jurisdiction by that court the same will lead to a sharp and intolerable conflict of jurisdiction between the county court of Okfuskee county and the county court of Seminole county, and because the respondent, W. E. McKinney, and those who may desire to seek relief concerning the subject-matter of litigation involved may obtain full, adequate, and complete relief by presenting objections in the county court of Seminole county, and by appeal therefrom in the event of an adverse decision, we are of the opinion that the writ of prohibition should be granted as prayed for, and it is so ordered.

PITCHFORD, V. C. J., and McNEILL, ELTING, and NICHOLSON, JJ., concur.