JONES, Adm'r, v. McCAIN, County Judge, et al.

No. 32877. Jan. 23, 1947.

*176 P. 2d 999.*

Clayton B. Pierce, of Oklahoma City, for petitioner.

George & George, of Ardmore, for respondents.

RILEY, J. Petitioner seeks, in this original proceeding, a writ of prohibition to restrain the respondent Honorable John E. McCain, as judge of the county court of Carter county, from proceeding further in a certain probate cause pending in that county and styled In the Matter of the Estate of Effie Humphrey, Deceased.

G. R. Williams and W. H. Merrill, d/b/a Merrill Motor Lines, have sought to intervene herein. They set forth that each has an action for damages pending against Andrew B. Riddle, as administrator of the estate of Effie Humphrey, deceased, and Andrew B. Riddle, under his appointment as administrator of the estate, has an action for damages pending as against them. These actions involve a highway accident in Love county, Okla., as a result of which Effie Humphrey died.

Honorable John E. McCain, judge of the county court of Carter county, by response adopts the plea of intervention tendered, and the plea will be treated by this court as the response.

As alleged in the petition filed in the county court of Stephens county, Effie Humphrey died intestate on or about September 27, 1944, "in the State of Texas." On October 30, 1944, the county court of Stephens county assumed jurisdiction, appointed Eleanor H. Jones administratrix. She qualified and served as administratrix until her death on March 9, 1945. On September 26, 1946, Thomas H. Jones, by said court, was appointed administrator to succeed Eleanor H. Jones, deceased. Thomas J.

Jones has qualified and sought to serve since his appointment.

Throughout the proceedings in Stephens county it was never alleged that Effie Humphrey, at the time of her death, was a resident of Stephens county. It was alleged, however, that she was a resident of the State of Oklahoma.

On August 16, 1946, G. R. Williams, alleging himself to be a creditor of the estate, petitioned the county court of Carter county to appoint Andrew B. Riddle administrator of the estate. Williams alleged that Effie Humphrey died intestate September 27, 1944, in Love county, and that she was a resident of Carter county, Okla., at the time of her death.

The county court of Carter county, on September 9, 1946, after notice, protest, and response, found that Effie Humphrey was a resident, at the time of her death, of Carter county and not of Stephens county, and that the proceedings in Stephens county were void for failure to set forth in the petition for letters of administration that decedent, at the time of her death, was a resident of Stephens county.

Andrew B. Riddle was thereupon appointed administrator of the estate in Carter county. He has qualified and sought to act as such administrator.

58 O.S. 1941 § 5 limits the grant of letters of administration as to resident decedents, whose estates are being administered, to "the county of which decedent was a resident at the time of his death, in whatever place he may have died."

Section 127, Id., for letters of administration, requires a written petition stating "facts essential to give the court jurisdiction of the case." However, this section of the statute relaxes the requirement by providing:

"If the jurisdictional facts existed but are not fully set forth in the petition, and are afterwards found in the course of administration, the decree or order of administration and subsequent proceedings are not void on account of such want of jurisdictional averments."

In State ex rel. Monahawee et al. v. Hazelwood, 81 Okla. 69, 196 P. 937, this court, in reliance upon Hathaway v. Hoffman et al., 53 Okla. 72, 153 P. 184, and Welch v. Focht et al., 67 Okla. 275, 171 P. 730, L.R.A. 1918D, 1163, determined that by the exercise of jurisdiction evidenced by the order of the county court of Okmulgee county appointing an administrator, it would be presumed that the county court made a "finding of every jurisdictional fact necessary to such an appointment." And while this court, in that case, construed section 6195, R.L. 1910 (58 O.S. 1941 §7) so that exclusive jurisdiction was vested in the county court of the county in which application was first made for letters testamentary or of administration, in the subsequent case of Presbury v. County Court of Kay County et al., 88 Okla. 273, 213 P. 311, construction of the statute was limited and the previous decision was restricted so that the requirements of statute as to the estate of a resident decedent, under section 5, supra, limited administration to the county of which the decedent was a resident at the time of his death. It was held that this requirement was in no way modified or affected by section 6195, R.L. 1910 (58 O.S. 1941 §7) which merely refers and is supplementary to the preceding section 6194, R.L. 1910 (58 O.S. 1941 §6).

In the Presbury Case it was held that:

"Where the decedent is a resident of the state, the court having jurisdiction to probate his will is specifically fixed by this statute in the county court of the county in which the decedent was a resident at the time of his death, and such jurisdiction cannot be shifted about to any other county, near or remote, merely by being diligent in making the first application for the probate of the will in some other county than that of the residence of the decedent."

Likewise, it may be noted that in the Presbury Case no affirmative action was taken by the county court of Osage

county where application for letters testamentary was first filed.

In Hathaway v. Hoffman, 53 Okla. 72, 153 P. 184, a guardian's sale of minors' lands was involved. On behalf of the minors, it was contended that guardianship proceedings in Atoka county were void because they were, at the time of the proceedings, residents of Coal county and that the proceedings in Atoka county failed to disclose the residence of the minors at the time of the guardian's appointment.

This court, in view of the collateral attack, said:

"The records of the county court being silent as to the residence of these minors at the time this appointment was made, it is but fair to presume, in aid of the jurisdiction of the court to make the appointment, that the court, before making it, took evidence, as was its duty to do, and found the facts to be that their residence at the time was in Atoka county."

So, in the case at bar it will be presumed that the residence of Effie Humphrey was in the county of Stephens at the time of her death, and it follows that the proceedings in the county court of Stephens county are not void for the want of allegation as to the jurisdictional fact in the petition there filed for the appointment of the administrator. Those proceedings are not subject to being attacked collaterally, as evidenced by the subsequent proceedings in Carter county.

In Hathaway v. Hoffman, supra, it was noted that the great weight of authority supports the rule then established in Oklahoma. The doctrine in this jurisdiction thereafter prevailed that though the exercise of jurisdiction in making such an appointment be erroneous, "at most it was error to be corrected on appeal . . . and cannot be declared void on collateral attack." Authority to the contrary was recognized, and so it appears that we have definitely departed from the minority rule stated in the cases now presented.

Since under the authorities above quoted, for the time being the appointment of Thomas J. Jones as administrator must be sustained, of necessity, without restriction upon the action of the county court of Carter county, an intolerable conflict existing will continue unless the writ of prohibition is granted. Prohibition is an appropriate remedy. State ex rel. Mudd v. County Court of Osage County, 168 Okla. 470, 34 P. 2d 244.

By the provisions of 58 O.S. 1941 §1, the county court of Stephens county has power and authority, not only to grant letters of administration in proper cases, but likewise it has jurisdiction to revoke such letters as it may have erroneously granted. Therefore, it is deemed appropriate to add that those in interest are not prevented from making a proper application to the county court of Stephens county to revoke the letters of administration heretofore granted to Thomas J. Jones, nor are those in interest prevented, as a ground therefor, from alleging and proving the true residence of Effie Humphrey, deceased, at the time of her death. To prevent the present intolerable conflict between the two inferior courts of equal jurisdiction, the writ of prohibition is granted.