63 So.2d 355
### CITY OF BESSEMER v. CLOWDUS.
#### 6 Div. 394.

Supreme Court of Alabama.
Feb. 26, 1953.

Ling & Bains, Bessemer, for appellant.

administration on the estate of H. W. Martin, deceased, in the Probate Court of Jefferson County, Alabama, Bessemer Division; and on that day, the Probate Court of Jefferson County, Alabama, Bessemer Division, entered a decree granting letters of administration to the said Margie Martin Clowdus on the estate of H. W. Martin, deceased. Thereafter, Margie Martin Clowdus, as the administratrix of the estate of H. W. Martin, deceased, entered suit in the Circuit Court of Jefferson County, Alabama, Bessemer Division, against the City of Bessemer, a municipal corporation, claiming the sum of $50,000 as damages for the wrongful death of the said H. W. Martin.

On November 5, 1951, the City of Bessemer filed in the Probate Court of Jefferson County, Alabama, Bessemer Division, the petition to remove the administratrix and revoke letters of administration in the matter of the estate of H. W. Martin, deceased. The petition averred, among other things, that the said H. W. Martin, deceased, at the time of his death on December 10, 1949, was in truth and in fact not a resident of Bessemer, Jefferson County, Alabama, but that in truth and in fact, the said H. W. Martin was at the time of his death, on December 10, 1949, a resident citizen of Gadsden, Etowah County, Alabama, and that, therefore, the Probate Court of Jefferson County, Alabama, was without jurisdiction to issue or grant letters of administration on the estate of H. W. Martin, deceased. The petition further alleged that the City of Bessemer is defendant in a suit in which $50,000 has been claimed by the said Margie Martin Clowdus in her capacity as administratrix of the estate of H. W. Martin, deceased, for and on account of alleged wrongful acts of the City of Bessemer, and that the issuance of said letters of administration is a material matter to the City of Bessemer.

On November 26, 1951, Margie Martin Clowdus individually, and in her capacity as administratrix, interposed a motion to strike the petition to remove the administratrix, assigning many grounds therefor.

On January 3, 1952, the court made and entered an order granting the motion to

D. G. Ewing, Birmingham, and Lipscomb & Brobston, Bessemer, for appellee.

LIVINGSTON, Chief Justice.

H. W. Martin departed this life in Bessemer, Jefferson County, Alabama, on or about the 10th day of December, 1949, leaving no last will and testament. On the 9th day of February, 1950, Margie Martin Clowdus filed her petition for letters of

strike the petition of the City of Bessemer to remove the administratrix and revoke the letters of administration. From this decree, the City of Bessemer appealed.

Section 80, Title 61, of the Code of 1940, provides that:

"Courts of probate, within their respective counties, have authority to grant letters of administration on the estates of persons dying intestate, as follows:

"1. Where the intestate, at the time of his death, was an inhabitant of the county",

and in other cases about which this appeal is not concerned.

■ ´ Our cases are clear to the effect that where the fact of inhabitancy does not exist, the grant of administration is not void, but may be avoided by a direct proceedings for that purpose. Coltart v. Allen, 40 Ala. 155, 88 Am.Dec. 757; Barclift v. Treece, 77 Ala. 528, 531; Holmes v. Holmes, 212 Ala. 597, 103 So. 884; Clark v. Glenn, 249 Ala. 342, 31 So.2d 507.

The petition of Margie Martin Clowdus for letters alleged facts which justified her appointment under Section 80(1), Title 61, Code 1940, in Jefferson County. The Probate Judge on said petition found and declared that those facts were substantially true and made the appointment and issued letters.

■ Although those facts may not have been true, that court had the power to make the finding and declaration, and, therefore, the appointment was not void, but was voidable and subject to revocation on direct attack. The attack in this instance is direct. Bell v. Fulgham, 202 Ala. 217, 80 So. 39.

But the further question remains. Did the City of Bessemer, a municipal corporation, an alleged debtor of the estate of H. W. Martin, deceased, have the right, power or authority to sustain the attack?

It seems that the question posed above is one of first impression in this state, and that the decisions from other jurisdictions which have decided the exact question are not harmonious. See 123 A.L.R., p. 1225.

■ Our cases are clear to the effect that if the appointment of an administrator is void for want of jurisdiction of the subject matter as distinguishable from the venue in which the appointment was made, such void appointment may be revoked by anyone interested in the estate of the decedent or by the court ex mero motu or upon the suggestion of some person amicus curiae. Authorities, supra. See, also, Moring v. Lisenby, 241 Ala. 626, 4 So.2d 4.

In the case of Coltart v. Allen, supra, it was held that:

"The question of the county of the intestate's inhabitancy, depends upon oral and conflicting testimony. Without regard to the merits of that question, the judgment of the probate court must be affirmed. This conclusion is attained as the result of the following propositions: 1st, that the appointment in Jackson county was not void, but voidable, upon the concession that the evidence proves the inhabitancy to have been in Madison; 2d, that the administration in Jackson being merely voidable, the later administration, granted pending the prior, is void; and, 3d, that the application for the revocation of the letters in Jackson county is by a person setting up a void administration, and therefore having no interest in the subject, and was properly overruled for that reason.

"The probate court, in granting administration, is a forum of general jurisdiction. Ikelheimer v. Chapman, 32 Ala. 676. The validity of the grant of administration does not depend upon the recital of jurisdictional facts. The order here discloses upon its face no defect of jurisdiction; but it is contended that the want of jurisdiction may always be shown by testimony extrinsic of the record, and that the order is thus demonstrated to be void. This may be true, when the question is as to jurisdiction over the subject-matter, which is bestowed by the law, and can not be conferred by consent. But such is not the question here. The constitution gives a general jurisdic-

tion to grant administration. This is the source of the jurisdiction over the subject. The statute distributes the cases arising under that grant among the different courts of the State according to locality. The locality of the court, therefore, concerns jurisdiction of the case, which is distinguishable from jurisdiction over the subject-matter. The court having jurisdiction over a certain class of cases, its error in adjudging some particular case belonging to that class, which properly pertains to a court of the same authority in another locality, does not make the judgment void, but simply voidable by a direct proceeding for that purpose. The question has been repeatedly so decided by courts and jurists of the highest repute, upon reasoning which ingenuity can scarcely oppose. Bumstead v. Read, 31 Barb. [N.Y.] 661; Dyckman v. Mayor, 5 N.Y. 443; Raborg's Adm'x v. Hammond's Adm'r, 2 Har. & Gill [Md.] 42; Wilson v. Ireland, 4 Md. 444; Ex parte Barker, 2 Leigh [Va.] 719; Andrews v. Avory, 14 Gratt. [Va.] 229; Fisher v. Bassett, 9 Leigh [Va.] 119; Burnley's Representatives v. Duke, 2 Rob. [Va.] 103; Burdett v. Slisbee [Silsbee's] Adm'r, 15 Tex. [604] 605; Petigru v. Ferguson, 6 Rich.Eq. [S.C.] 378; Clapp v. Beardsley, 1 Vt. 151; Washburn's Digest, 407, § 1; McFarland v. Stone, 17 Vt. 165. The argument of the point is fully set forth in the cases cited, and in Lomax on Executors, vol. 1, pp. 349, 350, 351.

"The doctrine, that an administration granted in a county other than that prescribed by the statute is voidable, commends itself by its conservatism, and its avoidance of the bad consequences of the opposite doctrine. Where the question is, as here, one of doubt as to the county to which the administration belongs, there may be two administrations; debtors may be subjected, by the verdicts of different juries, to two judgments for the same debt; and great confusion and injury may result, if an administration can

be collaterally assailed upon such ground."

On page 1225 of Vol. 123, A.L.R., it is stated:

"It appears that, save where the attack is based on want of jurisdiction, it has been generally held that one who is, or who may become, liable to the estate of a deceased person, has no such interest in the estate as to support an attack, either direct or collateral, upon the appointment of the administrator or executor of the estate."

The authorities cited in that note support the above quotation of the annotator with one or two exceptions.

 We are clear to the conclusion that the City of Bessemer has no such interest in the estate of H. W. Martin, deceased, as will support its petition to revoke the letters of administration granted to Mrs. Clowdus.

We take no notice of the manner in which this question was raised in the court below, because it appears that no question has been raised in that regard. The cause is due to be affirmed.

Affirmed.

LAWSON, STAKELY and MERRILL, JJ., concur.