Mary P. WHITNEY, Administratrix of the Estate of Earl Wayne Whitney, Deceased, Petitioner,

v.

The Honorable David COOK, County Judge of Seminole County, Oklahoma, Respondent.

Bessie PUTNEY et al., Petitioners,

v.

The Honorable Whit Y. MAUZY, County Judge of Tulsa County, Oklahoma, Respondent.

Nos. 37447, 37450.

Supreme Court of Oklahoma.

Nov. 20, 1956.

O. A. Cargill and Charles Hill Johns, Oklahoma City, for Mary P. Whitney, Administratrix, and the Honorable Whit Y. Mauzy, County Judge of Tulsa County.

James F. Haning, Wewoka, Thomas M. Stevens, Shawnee, for Bessie Putney, nee Whitney, et al., and The Honorable David Cook, County Judge of Seminole County.

WELCH, Justice.

Both the County Court of Tulsa County and the County Court of Seminole County are presently proceeding to administer upon the estate of Earl Wayne Whitney, deceased, in probate cases pending in each of said courts.

The Tulsa County parties here seek prohibition against the Seminole County Court, and the Seminole County parties seek prohibition against the Tulsa County Court.

Whitney, long a resident of the State, died in Oklahoma County. It seems that he spent considerable time, and owned considerable property in Seminole County, and that he also spent time in Tulsa County, and that he owned property and interest there. Shortly after his death, at the instance of alleged relatives the County Court of Tulsa County appointed an administrator of the estate on the theory that Whitney died intestate, a legal resident of Tulsa County. About two months later other alleged relatives filed in the County Court of Seminole County a petition to probate an alleged will of Whitney as a resident of Seminole County, and that Court appointed a Special Administrator to take charge of the property of the estate, and to preserve it for administration proceedings in that court.

■■■ Thus an intolerable conflict exists between the two courts of coordinate jurisdiction. In Harden v. District Court, 175 Okl. 417, 53 P.2d 247, 251, this Court said:

"The rule is well-settled that when there is presented an intolerable conflict between two courts, each attempting to exercise jurisdiction in the same cause and between the same parties, that this court must determine where the jurisdiction or venue lies and issue its writ accordingly. The rule is also recognized that when either of two or more courts of equal jurisdiction might originally have acted in the matter, and proper resort has been had to one such court, and that court has assumed full jurisdiction and has acted and is acting in the matter, that other courts of equal jurisdiction should be barred from action in the same matter. See State [ex rel. Ketchum] v. District Court of Tulsa County, 82 Okl. 54, 198 P. 480; Parmenter v. Rowe, 87 Okl. 158, 200 P. 683; State ex rel. Stauffer v. Halley, 159 Okl. 14, 12 P.2d 523; Jackson v. Haney, 166 Okl. 13, 25 P.2d 771."

Now all agree that the true and final jurisdiction to administer on this estate and to consider the proposed will is in the County Court of "the county of which the decedent was a resident at the time of his death." 58 O.S.1951 § 5.

■■ The County Court of Seminole County found that Whitney died a resident of that County, but the County Court of Tulsa County had theretofore held that Whitney died a resident of Tulsa County. In Jones v. McCain, 198 Okl. 160, 176 P.2d 999, this court held:

"The granting of letters of administration by a county court imports jurisdiction in the court so to do, and it will be inferred from the fact that such letters were granted that a resident decedent whose estate is being administered died a resident of the county in which letters of administration are first granted."

And in that case we granted prohibition against the second attempt to administer in another county.

The Seminole County parties have not yet presented to the County Court of Tulsa County their contention that Whitney was in fact a resident of Seminole County, and that therefore the Tulsa County Court is without jurisdiction. The Tulsa County parties agree that this may be done, and we pointed out in Jones v. McCain, supra, that such procedure would be proper. Upon it being established in the County Court of Tulsa County that Whitney was in fact a resident of Seminole County, then the Tulsa Court could and of course should take appropriate action to revoke the letters of administration there issued, and to close and dismiss the proceeding there pending.

The Seminole County parties allege that the Tulsa County parties knew that Whitney was in fact an actual resident of Seminole County and that he left a valid will and that concealment of such facts from the Tulsa County Court constituted a fraud on that court rendering its judgment or action void. The Tulsa County parties deny

such allegations of fact, and deny any such knowledge and urge that Whitney died an actual resident of Tulsa County, and that he died intestate.

 We must consider all such allegations as presenting issues of fact to be presented and determined in the proper forum, and until that is done the Tulsa County Court should not be ousted of its jurisdiction by action of the Seminole County Court, or of this court, and it is our duty for the present to uphold the jurisdiction of the Tulsa County Court and to deny and reject the jurisdiction of the Seminole County Court.

For the reasons and upon the authorities above set out, we deny prohibition against the Tulsa County Court and grant prohibition against the Seminole County Court.