Christine McDANIEL, Administratrix of the
Estate of June Reardon, Deceased, of the
County Court of Grady County, State of
Oklahoma, in Probate Proceeding No. 6939,
Petitioner,

v.

Honorable Harold C. THEUS, County Judge
of Oklahoma County, Oklahoma,
Respondent.

No. 39552.

Supreme Court of Oklahoma.

April 11, 1961.

Rehearing Denied May 9, 1961.

McElroy & Vaughn, Chickasha, Cannon
B. McMahan, Jones & Jones, Oklahoma
City, for petitioner.

Carroll & Carroll, by H. G. Carroll,
Oklahoma City, for respondent and for T.
A. Reardon and Continental Production Co.

HALLEY, Justice.

The question involved here in this case is whether the County Court of Grady County or the County Court of Oklahoma County shall have the responsibility of administering the Estate of June Reardon, deceased.

It appears that June Reardon, also known as Ardath June Reardon, was killed in an automobile accident in Oklahoma City, Oklahoma, on July 25, 1960. There is some controversy as to what her place of residence was, whether it was Grady, Tulsa or Oklahoma County. June Reardon left no surviving husband, children or children of deceased children. Christine McDaniel is the mother of June Reardon.

On August 2, 1960, Christine McDaniel filed her petition in the County Court of Grady County for appointment as administratrix of the Estate of June Reardon, alleging that June Reardon was a resident of Grady County and that petitioner was the mother of June Reardon and entitled to Letters of Administration on said estate and prayed that she be appointed Administratrix of said estate. A hearing was set for August 15, 1960, on that petition.

On that date the County Judge of Grady County, Honorable Charles V. Collins, appointed Christine McDaniel Administratrix of the Estate of June Reardon. Christine McDaniel qualified as Administratrix and on that date Letters of Administration were issued to her.

It further appears that on the 16th day of August, 1960, Christine McDaniel went to Oklahoma City and did engage in negotiations with the insurance carrier of the automobile which was involved in the collision causing the death of June Reardon.

On the 16th day of August and subsequent to the appointment of Christine McDaniel, as Administratrix in the County Court of Grady County, there was filed by the attorneys for the insurance carrier in the County Court of Oklahoma County, a petition for the appointment of Christine McDaniel as Administratrix of the Estate of June Reardon. That case was numbered,

43482, County Court of Oklahoma County and it was styled, In the Matter of the Estate of Ardath June Reardon, Deceased, and on the same day the County Judge of Oklahoma County also appointed Christine McDaniel the Administratrix of June Reardon's Estate. So on August 16, 1960, Christine McDaniel had been appointed Administratrix of her daughter's estate in two counties.

Later counsel for the insurance carrier discovered that proceedings had been commenced and appointment made in the Grady County Court of Christine McDaniel. So they have not paid Christine McDaniel Administratrix in the County Court of Grady County or Oklahoma County any of the money that had been agreed upon for the settlement of the claim for the death of June Reardon.

■ The rule is well established in this Court that prohibition is an appropriate remedy to prevent an intolerable conflict in the exercise of jurisdiction between courts of equal jurisdiction. Jones v. McCain, 198 Okl. 160, 176 P.2d 999.

A case was filed in this Court by Continental Production Company and T. A. Reardon, an individual, Case No. 39,329, in which the petitioners sought to have Honorable Charles V. Collins, Judge of the County Court of Grady County, prohibited from proceeding with the administration of the Estate of June Reardon in Cause No. 6939, and this Court on the 11th day of October, 1960, denied the application to assume original jurisdiction.

It appears that on August 15, 1960, when the County Judge of Grady County signed the order appointing Christine McDaniel, Administratrix of her daughter's estate, that he did not appear at the courthouse but signed the order at his residence where he was ill, and due to complaint made by June Reardon's stepson, and others, on the 24th of August, 1960, he vacated the order that he made on August 15, 1960, and reset the matter for August 31, 1960, at which time he reappointed Christine McDaniel as Administratrix.

Which County Court has jurisdiction? Certainly the County Court of Grady County exercised jurisdiction in the matter first. If that court did not relinquish jurisdiction by vacating its order of August 15th on August 24th, it will be first.

■ There is no question but that the County Court of Grady County was the first to appoint Christine McDaniel Administratrix. In Jones v. McCain, supra, we held that granting letters of administration by a county court imported jurisdiction in that court so to do and authorized the inference that resident decedent whose estate was being administered died a resident of that county notwithstanding residency was not alleged in the petition for appointment of administrator.

In Wolf v. Gills, 96 Okl. 6, 219 P. 350, we said an order appointing an administrator in a regular proceeding in the county court is a finding of every necessary jurisdictional fact and the order is not subject to collateral attack on the ground that the deceased was not a resident of the county.

■ There is nothing appearing in the record to show that the county court of Grady County was without jurisdiction in this matter when it appointed Christine McDaniel Administratrix on August 15, 1960. The fact that the court vacated that order on August 24th in order to give the deceased's stepson and a representative of a corporation an opportunity to be heard upon the right of the court to make the appointment does not take jurisdiction away from that court to again appoint Christine McDaniel, which he did on August 31, 1960. The fact that another county court made an appointment without notice while the original appointment was in effect, which at the time it had no right to do, will not give that second court jurisdiction superior to that of the first court. Jurisdiction will not be lost under such circumstances.

Subsequent proceedings in the second court cannot divest the first court of jurisdiction.

We do not think it is necessary for us to discuss the propriety of the judge vacating his order of August 15, 1960, since he renamed the same person as Administratrix. The crucial question in this case is whether the second court could step in and take over after the first court had acted? This we say cannot be done. The writ of prohibition must be granted in this case and the Honorable Harold C. Theus, County Judge of Oklahoma County, Oklahoma, is henceforth prohibited from taking any further action in case No. 4382, County Court of Oklahoma County, In the Matter of the Estate of Ardath June Reardon.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.