STATE of Oklahoma ex rel. AMERICAN
FLYERS AIRLINE CORPORATION,
Petitioner,

v.

The SUPERIOR COURT OF CREEK COUN-
TY, State of Oklahoma, BRISTOW DIVI-
SION, and the Honorable G. B. Chuck Cory-
ell, Judge thereof, Respondent.

No. 42378.

Supreme Court of Oklahoma.

June 20, 1967.

Rehearing Denied Nov. 7, 1967.

Ben L. Burdick, Crowe, Boxley, Dunlevy, Thweatt, Swinford & Johnson, Oklahoma City, Phillip D. Bostwick, Shaw, Pittman, Potts, Trowbridge & Madden, Washington, D. C., for petitioner.

Browne & Arthurs, Cushing, Arthurs, Blackstock & McMillan, Bristow, for respondent.

McINERNEY, Justice.

■ The object of this original proceeding, instituted here by American Flyers Airline Corporation (Airline), is to prohibit the Superior Court of Creek County from entertaining the cause in which Airline is sued by co-administrators of a deceased passenger, a citizen of Colorado, for wrongful death and conscious pain and suffering, as well as for loss of personal property. The passenger died in a crash which took place in Carter County. Co-administrators were appointed and qualified by the County Court of Creek County. The probate jurisdiction of that court was invoked on the assumption that since decedent's sole asset (cause of action for wrongful death) had no fixed situs, the terms of 58 O.S.1961 § 5, sub-div. 5, apply to lay venue in the county where "application for letters is first made". At the basis of the controversy before us lies a venue question. Venue of the wrongful death action was laid in Creek County on the basis of 18 O.S. 1961 § 471. The terms of that statute provide that a tort action against a foreign corporation doing business in Oklahoma may be brought, inter alia, in the county "where the plaintiff resides". Airline is a

Texas corporation which transacts business in Oklahoma; one of decedent's co-administrators is a citizen of Texas and the other a resident of Creek County. "A co-administrator is both a 'party' and a 'plaintiff' and the statutory provisions applicable to an individual plaintiff are also applicable to a co-administrator." Lane v. Hughes, Okl., 408 P.2d 281.

Airline's challenge to venue was initially presented to the court sought to be prohibited. It was there denied. The gist of that challenge lies in the argument that the letters of administration granted to decedent's co-administrators by the County Court of Creek County are void on the face of the proceedings and there is hence a fatal absence of the requisite party-plaintiff who is a resident of the forum county. The invalidity of co-administrators' appointment is sought to be predicated on the proposition that in case of a non-resident decedent " * * * the existence within the county of property belonging to the estate of the decedent is the foundation of jurisdiction for the grant of administration by the probate court." Airline argues that failure of the county court to find (in the order appointing co-administrators) that the non-resident decedent left property in Creek County operates to render the entire probate a nullity. We are urged such finding was necessary because venue for probate of the estate of a non-resident decedent must under 58 O.S.1961, § 5, sub-div. 2, be laid in the *first instance* in the county where he died, if he leaves an estate therein; but if he should leave no estate in the county where he dies, *then* in the county "in which any part of the estate may be" (58 O.S.1961, § 5, sub-div. 4); that *only* if *no* venue can be laid in the county where the non-resident decedent dies, leaving an estate in more than one other county, may the terms of 58 O.S.1961, § 5, sub-div. 5; §§ 6 and 7 be properly invoked. The last cited provisions authorize the granting of letters of administration by the county court "of that county in which application is first made * * *" and operate to vest in such court "exclusive jurisdiction" to settle the estate.

Airline additionally argues that the cause of action for wrongful death, even if it may be regarded as an "estate", cannot have a situs in Creek County because it neither arose in that county nor is it enforceable there. In support of this contention Airline cites cases it regards as authority (in other jurisdictions) for the rule that " * * where the only asset in the estate was a probable cause of action for wrongful death, that asset existed only in the county where the cause of action arose—the county where the death occurred." We are urged that "[I]f any *County Court* in Oklahoma has probate jurisdiction in this case, it would be the County Court of Carter County, the *County* where decedent sustained his injuries and where death occurred."

■ Airline concedes its challenge here is futile unless the probate proceedings which culminated in the appointment of decedent's co-administrators are void on their face. This is a collateral attack. May v. Casker, 188 Okl. 448, 110 P.2d 287. Judicial acts of the county court in the exercise of its general jurisdiction in probate are protected from a collateral attack in the same manner and with the same force as are other judgments. Porter v. Hansen, 190 Okl. 429, 124 P.2d 391; McDaniel v. Theus, Okl., 361 P.2d 681. "[T]he validity of a person's appointment as personal representative of the estate of a person who was wrongfully killed may not * * * be collaterally attacked in an action brought by the representative for the wrongful death, *if there is no jurisdictional defect appearing on the face of the proceedings.* As a justification for this view, it has been said that to allow every person who may be sued by an administrator to go behind the letters of authority to plead any defects that go to the jurisdiction of the court making the appointment would be to involve litigation in a hopeless confusion of collateral issues." (emphasis ours.) 22 Am. Jur.2d, Death, § 199, p. 752; 21 Am.Jur., Executors & Administrators, § 131, p. 451; see also annotation in 123 A.L.R. 1225, in which the general rule is stated as " * * *

one who is, or who may become liable to the estate of a deceased person, has no such interest as to support an attack, either direct or collateral, upon the appointment of the administrator" except for want of jurisdiction.

Neither the petition for letters of administration nor the order appointing co-administrators shows on its face that the decedent left no property in Creek County. Nor do these instruments show in which county decedent died. Even if we accept Airline's argument that the presence of assets in the county in which the estate is sought to be administered is essential, or that venue lay in Carter County to the exclusion of all others, we cannot find the requisite absence of such assets from Creek County, or their presence in Carter County, from the mere silence in the county court record. The county court is a court of general jurisdiction in probate and where its record is silent as to the existence of the facts that gave it jurisdiction, it will be presumed, when the decree or order is collaterally attacked, that the court inquired into and found the existence of all necessary facts. McDaniel v. Theus, supra; Kemp v. Turnbull, 198 Okl. 27, 174 P.2d 384, 387; Jones v. McCain, 198 Okl. 160, 176 P.2d 999; Wolf v. Gills, 96 Okl. 6, 219 P. 350; see also City of Bessemer v. Clowdus, 258 Ala. 378, 63 So.2d 355.

Additionally, Airline argues that a wrongful death action may have an existence as an asset of decedent's estate "only in the county where death occurred". Our venue statutes relating to actions against a non-resident of this state or a foreign corporation, 12 O.S.1961, § 137 and 18 O.S. 1961, § 471, are not so limited, but rather, in conformity with Const. Art. 9 § 43, permit such asset to have a situs in the county in which personal service can be had on the tort-feasor. In this case, the non-resident decedent had an estate in every county in which service could be had on Airline in accordance with the provisions of 12 O.S. 1961, § 137 and 18 O.S.1961, § 471. The county court record fails to disclose where Airline could validly be served in compliance with our statutory provisions and there is hence no basis for the contention that decedent had assets only in Carter County, or for that matter, in any other county of the state whose probate court could acquire the asserted statutory "priority" for the existence of probate jurisdiction.

Airline's challenge to venue in the wrongful death action is based solely on an attack upon the validity of co-administrators' appointment. That attack is collateral and cannot be sustained because the county court record does not disclose on its face that its acts are void, and our inquiry here must be confined to that record alone. Pettis v. Johnston, 78 Okl. 277, 190 P. 681, 689. It follows that Airline has failed to demonstrate the requisite want of jurisdiction in the Creek County Superior Court. It is not entitled to the writ sought. In a proceeding for writ of prohibition this court will confine its inquiry to the matter of jurisdiction of the court sought to be prohibited (the Superior Court of Creek County) and will not investigate collateral issues or the merits of the cause before such court. State of Oklahoma ex rel. Williamson etc. v. Evans, Judge, Okl., 319 P.2d 1112.

We are aware that representatives such as guardians and administrators are often selected on the basis of their residence for the purpose of laying venue in a pre-designated forum and to defeat federal diversity jurisdiction. We have no inclination to encourage such practice, but in the absence of legislation or of a showing that in a particular case the defendant is being denied due process or other constitutional rights, this court will not interfere.

Writ denied.

JACKSON, C. J., IRWIN, V. C. J., and DAVISON and BLACKBIRD, JJ., concur.

WILLIAMS, BERRY, HODGES and LAVENDER, JJ., dissent.