Iva CLOYD, Appellant,

v.

Bert DAWSON, Madge Fancher, and Watie Pettit, Administrator of the Estate of Pearl Dawson, Deceased, Appellees.

No. 49902.

Court of Appeals of Oklahoma, Division 1.

Feb. 8, 1977.

Released for Publication by Order of Court of Appeals March 3, 1977.

Bassmann, Gordon, Mayberry & Scarth by Jack E. Gordon, Claremore, for appellant.

W. E. Maddux, Nowata, Kight & Sibley by G. Waide Sibley, Claremore, for appellees.

REYNOLDS, Presiding Judge.

The plaintiff, Iva Cloyd, appeals the granting of defendants' separate motions to dismiss. The trial court ruled the judgment attacked collaterally by this quiet title action was not void and therefore sustained the motions to dismiss. The defendants, Bert Dawson, Madge Fancher, and Watie Pettit, individually and as administrator of the estate of Pearl Dawson, are alleged to hold an interest in property adverse to the plaintiff by virtue of a judgment of the District Court of Rogers County. This appeal from the sustained motion to dismiss alleges one proposition of error. It is alleged that a final order of distribution in a probate case which is contrary to the law is void on its face and subject to a collateral attack.

In *State of Oklahoma ex rel. American Flyers Airline Corp. v. Superior Court of Creek County, Bristow Div.*, 435 P.2d 131 (Okl.1967), the Oklahoma Supreme Court stated that judicial acts of the county court in the exercise of its general jurisdiction in probate are protected from a collateral attack in the same manner and with the same force as are other judgments, citing *Porter v. Hansen*, 190 Okl. 429, 124 P.2d 391 (1942); *McDaniel v. Theus*, 361 P.2d 681 (Okl.1961).

Generally, a judgment which is valid on its face may not be collaterally attacked. *Viersen v. Boettcher*, 387 P.2d

**536**

133 (Okl.1963). A collateral attack can be successful only where the judgment is void rather than defective, voidable, or subject to being set aside in a proper proceeding. *Woodrow v. Ewing*, 263 P.2d 167 (Okl.1953). For a judgment to be void on the face of the record, the judgment roll must reflect a lack of jurisdiction (1) over the parties, (2) over the subject of the action, or (3) to render the particular judgment entered. *Scoufos v. Fuller*, 280 P.2d 720 (Okl.1955). If the trial court remains within the bounds of the power conferred upon it by law, and does not transcend the jurisdiction it has acquired in the particular case, a decision rendered, however erroneous, is at most voidable and is not subject to challenge for that reason in an independent proceeding. *Woodrow v. Ewing*, supra. Aside from jurisdictional objections, erroneous determinations of the applicable law, or of the facts and their application to the law, do not render the judgment subject to collateral attack. *Lee v. Harvey*, 195 Okl. 178, 156 P.2d 134 (1945); *Mid-Continent Pipe Line Co. v. Seminole County Excise Board*, 194 Okl. 40, 146 P.2d 996 (1944).

No defect in jurisdiction has been raised in this appeal. For a collateral attack to be properly brought, a jurisdictional defect is essential to establish the prior judgment to be void as distinguished from erroneous. The judgment of the trial court dismissing this collateral attack is affirmed.

AFFIRMED.

BOX and ROMANG, JJ., concur.