## JAMES et al. v. SANDERS.

No. 14196—Opinion Filed Sept. 25, 1923.

(Syllabus.)

1. **Wills — Probate—Jurisdiction — Residence of Deceased.**

According to the provisions of section 1088, Comp. Stat. 1921, the jurisdiction of probate proceedings for the settlement of the estate of a deceased person, who was a resident of this state on the date of death is in the county court of the county of which such deceased person was a resident, and no other county court of this state has jurisdiction to admit a will of such deceased person to probate.

2. **Same—Case.**

Record of the evidence in the case examined, and held, the deceased, Cora James, was a resident of Carter county on the date of her death, and that the county court of Love county has no jurisdiction of her estate.

Error from District Court, Love County; B. C. Logsdon, Judge.

Action on appeal from the County Court of Love County for the probation of the will of Cora James, deceased, Dora Sanders, proponent. Jeff James et al., contestants. Judgment in favor of the proponent admitting the will to probate, and contestants bring error. Reversed and remanded, with directions to dismiss the petition to probate the will.

Potterf & Gray, T. B. Orr, and James Fenley, for plaintiffs in error.

J. H. Hays and D. B. Welty, for defendant in error.

KENNAMER, J. On the 21st day of July, 1920, Mrs. Dora Sanders filed her petition in the county court of Love county for the probate of a will executed by Cora James, in which the petitioner, Dora Sanders, was named as the sole beneficiary.

On the 16th day of September, 1920, W. H. Ketchum, the executor named in a will

executed subsequent to the one for which the petitioner instituted the proceeding to probate, appeared and filed a motion to dismiss the proceedings in Love county, in which it is alleged that proceedings had been in Carter county in which the last will and testament of Cora James, deceased, was admitted to probate and that the county court of Love county was without jurisdiction of said proceedings. This motion to dismiss was overruled, and an answer was filed by Ketchum and others, contesting the will offered for probate and denying the jurisdiction of the county court of Love county over the proceedings.

The cause was tried on the 7th day of September, 1920, and all of the issues raised by the pleadings decided in favor of the proponent of the will, and said will by decree of the court admitted to probate.

An appeal was prosecuted to the district court of Love county, and the cause there tried on the 24th day of August, 1921, and submitted to the court upon the evidence, motions, and pleadings. The court, after having had the cause under advisement, on the 10th day of October, 1922, entered a decree admitting the will of the petitioner to probate and thereby affirming the judgment and decree of the county court of Love county.

The contestants have prosecuted this appeal to reverse the judgment of the district court of Love county. The essential facts involved in this appeal may be summarized as follows: Cora James was a full-blood Mississippi Choctaw Indian. Her parents died while she was very young; her mother, Mollie James, having died when Cora was between six and seven years of age, and lived near Durwood, Marshall county, Okla., on the date of her death. Soon after the death of Cora James' mother, Cora went to St. Agnes Academy, a school or convent, conducted by the Sisters of Mercy of said academy at Ardmore, Okla. She remained at this academy until the winter of 1918 and 1919, when she had an attack of influenza, which resulted in leaving her afflicted with tuberculosis, and in the spring of 1919 she was sent to the Tubercular Sanitarium for Indians at Talihina, Okla.

It appears that a schoolmate of Cora James, Dora Sanders, had married a white man by the name of Henry Sanders and that in the spring of 1920, Dora Sanders and Henry Sanders visited Cora James at Talihina and that Cora left the sanitarium and went to the home of Dora Sanders and Henry Sanders in Love county, Okla., near Eastman, where the Sanders resided on the farm of Dora Sanders, which she had re-

ceived as her allotment as a member of the Mississippi Choctaw Tribe of Indians.

On the same date that Cora James arrived in Marietta, Love county, the 12th day of May, 1920, she executed the will which the petitioner instituted the proceedings to have probated. She then went from Marietta on out to the home of the petitioner, where she remained for about 12 days, when the probate attorney, Aaron Homer, assistant field clerk at Ardmore, Sister Mary Burnadette, one of the teachers at the academy, and Catherine Allen, one of the school girls, came to the Sanders' home in Love county and had a talk with Cora James with reference to her condition and invited her to go back to the academy, which she readily consented to do and signified a desire to return to the academy, which she had always regarded as her home after the death of her mother.

After returning to the academy on the 25th day of May, 1920, she executed a will prepared by T. B. Orr, United States Probate Attorney, in which she devised all of her property to her brother, Jeff James. Subsequent to the execution of this will her brother, Jeff James, visited her at the academy, and after this visit of her brother's she wrote a letter to the probate attorney advising him she desired to execute another will in which she wanted to devise her property into three parts as follows: After the payment of the expenses of her last sickness and funeral expenses, one part of her property should go to her brother, Jeff James; one part to the Bureau of Catholic Indian Missions of Washington, D. C., for the benefit of poor Choctaw Indian children, and the remaining part to the Sisters of Mercy of the St. Agnes Academy.

Pursuant to this request made by her in her own handwriting, the probate attorney prepared the will as requested, which was dated the 15th day of June, 1920, and it was properly executed by Cora James. This, as the record discloses, was the last will and testament of the deceased.

There is no dispute in the testimony that Cora James was still residing at St. Agnes Academy in Carter county, Okla., on the date of her death, June 24, 1920.

It appears from the evidence that Cora James became of age on the 1st day of March, 1920, and that prior to her reaching majority she had had a guardian appointed by the county court of Carter county. There seems to be no dispute but that until the date of reaching her majority her residence was Carter county.

The petitioner, Dora Sanders, also introduced in evidence several letters written by

Cora James to her while she was at the sanitarium at Talihina requesting Dora Sanders to come and take her to petitioner's home in Love county, and signifying an intention or willingness to make her home with the petitioner, but the evidence is equally as clear that the said Cora James was just as anxious to leave the petitioner's home and return to the academy at Ardmore, where she had lived practically all of her life.

It is only necessary in determining this appeal to decide the one question, Did the county court of Love county have jurisdiction of the proceedings? According to the provisions of section 1088, Comp. Stat. 1921, the jurisdiction of the probate proceedings for the settlement of the estate of said deceased was in the county in which decedent was a resident at the time of her death; it being admitted that she was a resident of this state.

We have carefully considered the evidence in the record, and while it may be conceded that there is evidence tending to show that Cora James left the sanitarium at Talihina with the intention of making her home with Dora Sanders in Love county, yet we are unable to wholly ignore the undisputed testimony that shows that she was anxious, after having resided for 12 days on the farm of the petitioner in Love county, to return to the academy, where she had been reared, educated, and given a home from early childhood until she had reached majority and until she was sent to the sanitarium as a patient. It is our conclusion that this testimony conclusively establishes the fact that it was her intention in returning to this academy to continue to live there the remainder of her life and to constitute the same as her permanent residence and home.

In view of this conclusion it necessarily follows that the judgment of the trial court must be reversed. It may well be observed that the judgment of the district court would not be sustained for another reason—that the will admitted to probate had been legally revoked. But, in view of the conclusion reached as to the jurisdiction of the county court of Love county, it is unnecessary for any further discussion of this proposition. The judgment of the district court of Love county is reversed, and the cause is remanded, with directions for said court to enter an order remanding cause to county court, with directions to dismiss the petition for the probation of the will in Love county.

All the Justices concur.