## KIRK v. ALEXANDER.

No. 24091.    March 5, 1935.

A. C. Hough and S. J. Gordon, for plaintiff in error.

E. T. Barbour and R. F. Shutler, for defendant in error.

PER CURIAM. This is an appeal from the district court of Kingfisher county, dismissing an appeal from an order of the county court admitting to probate the will of Pattie Duvall and denying the petition of contest. The defendant in error was the proponent and the plaintiff in error was the contestant, and will be referred to as proponent and contestant, respectively.

The petition for probate of the will and petition of contest came on for hearing before the county court at the same time. The will was admitted to probate, and the contest denied. Contestant appealed to the district court from this order and judgment. When the case came on for trial in the district court, contestant moved for judgment on the pleadings. Whereupon proponent was, over objections of contestant, permitted to file a general denial to petition of contest. The court then required

the contestant, over her objections, to assume the burden of going forward with the evidence. At the conclusion of the evidence of contestant, proponent demurred. The court sustained the demurrer, pointing out that the evidence offered went wholly to a question of forgery, which was not set forth in the petition of contest. The court then made an order dismissing the appeal, from which judgment the contestant appealed to this court.

At the outset we are confronted with the contention of contestant that the county court of Kingfisher county did not have jurisdiction to try this case. This contention is made for the first time in her brief in this court. In support of her contention, contestant cites section 1069, O. S. 1931, which is as follows:

"Venue of Proceedings.—Wills must be proved, and letters testamentary or of administration granted;

"First. In the county of which the decedent was a resident at the time of his death, in whatever place he may have died.

"Second. In the county in which the decedent may have died, leaving estate therein, he not being a resident of the state.

"Third. In the county in which any part of the estate may be, the decedent having died out of the state, and not resident thereof at the time of his death.

"Fourth. In the county in which any part of the estate may be, the decedent not being a resident of the state, but dying within it, and not leaving estate in the county in which he died.

"Fifth. In all other cases, in the county where application for letters is first made."

In the petition for probate of the will we find this language, with reference to the question of the residence of the testator:

"To the Hon. C. Everett Murphy, Judge of the County Court of the County of Kingfisher and State of Oklahoma:

"The petition of Robert J. Alexander of said county, respectfully represents and shows:

"That Pattie Duvall departed this life at Oklahoma City, Oklahoma county, on or about the 22 day of May, A. D. 1930.

"That said Pattie Duvall at the time of her death was a resident of said county of Oklahoma, and had property in Kingfisher county, and left estate consisting of real and personal property in said county."

While, in the order admitting the will to probate, there was no specific finding to the effect that the testator died a resident

of Kingfisher county, yet she is referred to therein as "Pattie Duvall, late of Kingfisher county."

Contestant contends that this is, therefore, a positive showing, on the face of the judgment roll, to the effect that testator was a resident of Oklahoma county at the time of her death. With this we cannot agree.

To our view, the statement in the petition as to the residence of the testator at the time of her death is ambiguous. It will be observed that in the first lines of the petition the court is addressed as the county court of Kingfisher county. Reference is then made to the petitioner as being of "said county." Next it is recited that "Pattie Duvall departed this life at Oklahoma City, Oklahoma county." Then it will be noted that it is stated that "Pattie Duvall at the time of her death was a resident of said county of Oklahoma, and had property in Kingfisher county." The question naturally arises, Does "said" refer to the county first mentioned or the county last mentioned in the petition? The fact that contestant raised no question on this point either in the county court or in the district court, leads to the conclusion that "said county of Oklahoma" was treated by both parties, and the court as well, as referring to Kingfisher county, state of Oklahoma.

Several other assignments of error are argued by contestant. We consider it unnecessary, however, to consider but one of these, namely, the question as to whether or not the district court was in error in requiring the contestant to assume the burden of proof and dismissing her appeal without requiring any proof of the factum of the will. In this we think the district court erred.

That question was squarely before this court in the case of Tiger v. Peck, 74 Okla. 9, 176 P. 529, where it is said:

"The record shows that the question of probating the will under the petition of the proponent and the objections to the probation of the will by the contestant were tried together in the county court; that the county court rendered judgment overruling the objections of the contestant and admitting the will to probate. From this judgment the contestant appealed to the district court on questions of both law and fact. Under the law and the Constitution, this cause must be tried in the district court on appeal de novo as though it were an original cause in that court and the same as if there had been no former trial of the cause. Under the law it was incumbent upon the proponent of the will to make proof of the due

execution of said will. The record shows that the contestant assumed the initiative and put on his evidence in the first instance. At the conclusion of the contestant's evidence, the proponent interposed a demurrer thereto, which was by the court sustained. This could not waive the proof required by the statute for the probating of a will.

"The proponent on appeal to the district court offered no evidence whatever. The district court therefore erred in admitting said will to probate, and this cause should be reversed and remanded, with directions to grant a new trial."

The proponent relies upon the case of Turner v. Porter, 106 Okla. 180, 233 P. 227. That case is not in point here, for the reason that there the appeal was not from the order of the county court admitting the will to probate, but from an order denying the contest. There the order admitting the will to probate had become final before the petition of contest was filed.

The case should, therefore, be reversed and remanded, with directions to grant a new trial. It is so ordered.

The Supreme Court acknowledges the aid of Attorneys T. L. Blakemore, John R. Miller, and Fred A. Speakman in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Blakemore and approved by Mr. Miller and Mr. Speakman, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.