IN THE MATTER OF THE ESTATE OF WALKER



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:IN THE MATTER OF THE ESTATE OF WALKER

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 IN THE MATTER OF THE ESTATE OF WALKER
2018 OK CIV APP 63
Case Number: 116753
Decided: 09/18/2018
Mandate Issued: 10/17/2018
DIVISION IV
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION IV
Cite as: 2018 OK CIV APP 63, __ P.3d __

 
IN THE MATTER OF THE ESTATE OF CLIFFTON FRED WALKER, Deceased,
BEVERLY WALKER, Appellant,
v.
GENTNER F. DRUMMOND, Appellee.
APPEAL FROM THE DISTRICT COURT OF
MAYES COUNTY, OKLAHOMA
HONORABLE SHAWN S. TAYLOR, TRIAL JUDGE
REVERSED
Brad E. Hilton, HILTON LAW OFFICE, Skiatook, Oklahoma, for Appellant
Harvey C. Grauberger, DRUMMOND LAW, PLLC, Tulsa, Oklahoma, for Appellee
JERRY L. GOODMAN, JUDGE:
¶1 Beverly Walker appeals a February 2, 2018, order denying her motion to dismiss and Objection to Petition for Probate of Will, Appointment of Personal Representative, Determination of Identity of Heirs, Devisees and Legatees and Termination of Joint Tenancy. Based on our review of the record and applicable law, we reverse.
BACKGROUND
¶2 Cliffton F. Walker (Decedent) died on November 6, 2011. Decedent was an Osage Indian who died testate, leaving a Last Will and Testament. Decedent left behind his surviving spouse, Beverly Walker (Spouse), as his sole devisee/legatee. Decedent owned a fractional Osage headright interest. At the time of his death, he was a resident of Mayes County, Oklahoma.
¶3 On March 30, 2012, Gentner F. Drummond (Drummond) filed a Petition for Probate of Will, Appointment of Personal Representative, Determination of Identity of Heirs, Devisees and Legatees, and Termination of Joint Tenancy in the District Court of Osage County, Oklahoma, Case No. PB-2012-43. Drummond was nominated in the Will to serve as Executor, and on April 26, 2012, was appointed Personal Representative in the Osage County probate case. On November 29, 2016, an Order Approving First and Final Account, Petition for Decree of Distribution; Approval of Attorneys' Fees, Costs, and Expenses; and Discharge of Personal Representative was entered. No appeal was filed and the order is now final.
¶4 On September 7, 2017, Drummond filed a petition to probate Decedent's estate in Mayes County District Court, Case No. PB-2017-55. Spouse filed an objection, asserting the Mayes court did not have jurisdiction as Decedent's estate had previously been probated in Osage County. Spouse further filed a motion to dismiss for lack of jurisdiction, citing the finality of the Osage County order. Drummond filed a response, asserting the Osage County District Court lacked venue over Decedent's estate because it was not the county of which Decedent was a resident at the time of his death, citing 58 O.S.2011, § 5 and Presbury v. County Court of Kay County, Oklahoma, 1923 OK 127, 213 P. 311. Thus, its actions were void.
¶5 By order entered on February 2, 2018, the trial court denied Spouse's motion to dismiss and Objection to Petition for Probate of Will, Appointment of Personal Representative, Determination of Identity of Heirs, Devisees and Legatees and Termination of Joint Tenancy. Spouse appeals.
STANDARD OF REVIEW
¶6 We review de novo a district court's order on a motion to dismiss. Miller v. Miller, 1998 OK 24, ¶ 15, 956 P.2d 887, 894.
ANALYSIS
¶7 The issue on appeal is whether the Osage County District Court was a proper venue for probate of Decedent's estate. Drummond contends it was not, citing 58 O.S.2011, § 5 and Presbury v. County Court of Kay County, Oklahoma, 1923 OK 127, 213 P. 311.
¶8 The Oklahoma Supreme Court held in Presbury, 1923 OK 127, at ¶ 7, 213 P. at 312, that wills must be proved, and letters testamentary or of administration granted, first in the county of which the decedent was a resident at the time of his death. The Court relied on § 6193, Revised Laws 1910, which specifically provided:
Wills must be proved, and letters testamentary or of administration granted:
First. In the county of which the decedent was a resident at the time of his death, in whatever place he may have died.
Second. In the county in which the decedent may have died, leaving estate therein, he not being a resident of the State. ...
Thus, the Legislature prioritized venue in which a probate action should be filed by its use of "First, Second, ...". The Legislature subsequently amended the statute, specifically removing the priority language. Title 58 O.S.2011, § 5 provides:
Wills must be proved, and letters testamentary or of administration granted in the following applicable situations:
1. In the county of which the decedent was a resident at the time of his death, regardless where he died.
2. In the county in which the decedent died, leaving an estate therein, the deceased not being a resident of this state.
3. In the county in which any part of the estate of the deceased may be, where the decedent died out of this state, and the decedent was not a resident of this state at the time of his death.
4. In the county in which any part of the estate may be and the decedent was not a resident of this state, but died within it, and did not leave an estate in the county in which he died.
5. In all other cases, in the county where application for letters is first made.
¶9 Accordingly, a priority no longer exists in the statute and a probate action may be filed in any of the applicable situations listed in § 5. As a result, venue was proper in Osage County District Court in PB-2012-43, as it was the county where application for letters was first made. The November 29, 2016, Order Approving First and Final Account, Petition for Decree of Distribution; Approval of Attorneys' Fees, Costs, and Expenses; and Discharge of Personal Representative in PB-2012-43 is final.
¶10 Therefore, the District Court erred by denying Spouse's motion to dismiss. The February 2, 2018, order denying Spouse's motion to dismiss is reversed.
¶11 REVERSED.
BARNES, P.J., and RAPP, J., concur.




 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1923 OK 127, 213 P. 311, 88 Okla. 273, PRESBURY v. COUNTY COURT OF KAY COUNTY
Discussed at Length
 1998 OK 24, 956 P.2d 887, 69 OBJ 1172, MILLER v. MILLER
Discussed
Title 58. Probate Procedure
 Cite
Name
Level

 58 O.S. 5, Venue of Probate Acts
Discussed at Length


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA